IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,019






EX PARTE BILLY KOLLAR, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM MIDLAND COUNTY






 Per Curiam.



O P I N I O N


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of
Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 
Following the State's motion to revoke Applicant's release on community supervision and to
proceed with an adjudication of guilt, Applicant was convicted of three counts of indecency
with a child by contact. After entering a plea of true to the allegations contained in the State's
motion, the court assessed his sentence at a ten years imprisonment on each count. The court
also noted that it would retain jurisdiction over Applicant for 180 days for the purpose of
considering Applicant for placement on community supervision under Article 42.12, Section
6, of the Texas Code of Criminal Procedure. Applicant did not perfect an appeal. 

 In the instant application, Applicant alleges that his plea of true was unknowing and 
involuntary due to the erroneous advice of counsel, which was then sanctioned by the State and
the trial court. According to Applicant, he agreed to plead true to the allegations contained in
the State's motion to revoke and proceed to adjudication in exchange for the trial court's
promise to consider his release on community supervision/shock probation at a later date. 

 The trial court has found that Applicant's plea was unknowing and involuntary since the
offenses Applicant was convicted of rendered him ineligible for community supervision/shock
probation under Texas Code of Criminal Procedure Article 42.12. Tex. Code Crim. Proc.
art. 42.12 §§ 3g(a)(1)(c) and 6(a)(1). Therefore, the trial court has recommended granting
relief. After a review of the record, we agree with the trial court's determination. The
judgments revoking Applicant's release on community supervision and adjudicating guilt are
vacated. Applicant shall be returned to the position he was in before he entered his plea of
true. Applicant shall be remanded to the custody of the Sheriff of Midland County, Texas to
answer to the allegations contained in State's motion to revoke and proceed with an
adjudication of guilt. 

 A copy of this opinion shall be sent to the Department of Criminal Justice, Correctional
Institutions Division.


DO NOT PUBLISH 

DELIVERED: September 29, 2004